UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CR523 AGF |
| | ) | (NCC) |
| ALBERT D. HUNT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER, MEMORANDUM, AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

A hearing was held on defendant's pretrial motions on April 7, 2014. Counsel for defendant[1] and the government informed the court that there would be no presentation of evidence. Defendant attended the hearing and heard the statements of both counsel. Defendant did file a Motion to Suppress Evidence concerning a challenge to a Missouri state search

---

[1] Defendant was represented previously in this case by the Federal Public Defender's Office, more specifically by Assistant Federal Public Defender Michael Dwyer. (Doc. #6). On February 4, 2014, defendant filed a Notice of Intent Not To File Any Pretrial Motions. (Doc. #24). On February 12, 2014, defendant filed an Uncontested Motion To Set A Deadline For Filing Pretrial Motions and Continue The February 13, 2014 Pretrial Hearing. (Doc. #27). The court granted defendant's Motion. (Doc. #29). On February 28, 2014, defendant filed a Motion to Suppress Evidence. (Doc. #33). On March 12, 2014, Michael Dwyer filed a Motion to Withdraw as counsel. (Doc. # 35). On March 13, 2014, the court granted counsel's motion. (Doc. #37). Thereafter, the court appointed John M. Lynch to represent defendant and also granted defendant leave to file additional pretrial motions. (Doc. #37). On March 27, 2014, defendant filed a Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (Doc. #40); and Defendant's Motion for Disclosure of Favorable, Exculpatory, and Impeaching Information (Doc. #41).

warrant, along with two other Motions. (Docs. # 33, 40, 41). The parties agreed that the three pending motions could be submitted on the pleadings, including the search warrant package attached to the government's Response as Government's Exhibit 1. (Doc. #34). The search warrant package was received into evidence at the hearing.

1. **Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (Doc. 40)**

In this Motion, defendant requests evidence the government intends to introduce against defendant regarding "bad acts" not charged in the Indictment as well as evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence. Defendant then expands the request to include such evidence the government intends to offer against any party charged in the Indictment *and* any co-conspirator regardless of whether any co-conspirator is charged in the Indictment. Defendant is charged in a single count Indictment alleging that defendant was a previously convicted felon in possession of a firearm. (Doc. #1). The court notes that there are no co-defendants charged with defendant, so the Motion is denied as moot on that point.

The government responded that it will provide defendant with notice of its intent to offer any evidence at trial pursuant to Federal Rules of Evidence 404(b) and 609. (Doc. #43). The government did not address whether there are uncharged co-conspirators in this case whose "bad acts" or criminal history would be offered at trial. Based on the available information, the Motion is denied as moot as to any uncharged co-conspirators.

Turning to the issue of defendant's request for Rule 404(b) evidence, the rule states in part that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses the pretrial notice on good cause of the general nature of any such evidence it intends to introduce at trial." Rule 404(b), Federal Rules of Evidence. Because defendant has requested this information, the

2

government must provide to defendant the general nature of any evidence it intends to attempt to introduce under Rule 404(b).

The government's Response does not address Rule 609 evidence with any specificity and the undersigned is unaware of defendant's prior criminal history other than the general allegation in the Indictment. To the extent that such Rule 609 evidence exists, of course, the government should produce it.

Therefore, the government shall immediately provide to defendant the general nature of the evidence of other crimes, wrongs or acts which it intends to attempt to introduce at trial.

**2. Defendant's Motion for Disclosure of Favorable, Exculpatory, and Impeaching Information (Doc. 41)**

At the evidentiary hearing in this case, defendant re-affirmed his request for this material. The government responded that all discoverable information in its possession was provided to defendant on or about January 16, 2014. (Doc. #42). The government's Response acknowledged that it has a continuing duty to disclose such information pursuant to Federal Rule of Criminal Procedure 16(c). Therefore, defendant's motion is granted, and the government shall provide to defendant the following material or information, if any exists, as to any person who it calls as a witness at trial in this case including:

1. The prior criminal history of convictions of the witness;

2. Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case; and

3. Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act Material).

In addition, the government is required to provide to the defendant any other evidence in its possession which is favorable to the defendant and which is material to the guilt or innocence of the defendant or to punishment. Brady v. Maryland, 373 U.S. 83 (1963). To the extent that

defendant's motion requests disclosure of such evidence, it should be granted. In all other respects, it should be denied.

### 3. Defendant Hunt's Motion to Suppress Evidence (Doc. 33)

As stated above, the parties appeared before the undersigned on April 7, 2014 and declared that the only issue submitted to the court for consideration was the legality and validity of the search warrant in this matter.[2] The "evidentiary hearing" was limited to the request by defendant that the court review the probable cause for the issuance of the search warrant. Defendant also asked for a ruling on the additional grounds that: 1) the information contained in the affidavit was stale; and 2) the search warrant lacked the requisite particularity. Both parties agreed that no testimony need be taken, and that the application and affidavit for the search warrant could be submitted as the basis for any ruling in this case. In consideration of the stipulation by the parties, the undersigned makes the following findings of facts and conclusions of law.

**Findings of Fact**

On June 8, 2013, Saint Louis Metropolitan Police Department Officer Rachel Capps applied for a Missouri state warrant to search defendant's residence at 4139 California Avenue. The search warrant, application, complaint and sworn affidavit, along with an unverified copy of the return are attached to the government's Response. They are incorporated by reference as if fully set out here. They are the best evidence of their contents. The summary below is merely for the trial court's convenience.

---

[2] The government filed a Motion for A Pretrial Determination of the Admissibility of Defendant's Statements Pursuant to Title 18, United States Code, Section 3501. (Doc. #11). There is no evidence of any statement made by defendant before the court so the Motion will be denied as moot.

The affidavit described the qualifications of Officer Capps and described the residence with particularity and included a photograph of 4139 California Avenue. The affidavit described Officer Capps' knowledge and experience regarding the possession of weapons, especially illegal weapons. Officer Capps' experience in law enforcement led her to conclude that individuals who possess weapons tend to keep those weapons for long periods of time, and the illegal possession of weapons is connected to a variety of criminal activity.

The affidavit stated that a confidential informant (CI) reported to police on June 5, 2013, that a black male known to the CI as "BA" was distributing controlled substances including crack cocaine. The CI, who was responsible for making a controlled buy as described below, stated that he/she had been inside 4139 California Avenue more than ten times in the last 30 days and saw "BA" possess and sell crack cocaine on several occasions. The CI stated that "BA" often conducts sales on the front porch of the residence. The CI also observed "BA" to be in possession of what he/she believed to be a Tech 9 style of firearm within the past week. The CI also gave police a detailed physical description of "BA," and stated that "BA" lived with his children and a woman the CI believed to be the wife of "BA." The CI provided the woman's name to police.

The investigation of "BA" included a June 6, 2013 computer database check of Crime Matrix to attempt to confirm the identity of the woman with whom "BA" was said to reside. Officers also connected the woman's name to 4139 California Avenue by utility records, a record of a Missouri traffic ticket, and Department of Revenue records. The utility records for this woman indicated that she began utility service in March 2012 at 4139 California Avenue. The CI then positively identified this woman as the wife of "BA" by a photograph.

On June 6, 2013, the CI made a controlled purchase from "BA." At the direction of investigators, the CI was equipped with an audio recording device and given $40 prior to the meeting with "BA" and after being searched by officers. Officers conducted surveillance of 4139 California Avenue and they observed the CI knock on the front door. Officers saw a black male open the door and heard the CI address him as "BA." The CI and "BA" stood on the front porch together where the CI exchanged the $40 for a clear knotted plastic baggie that contained individual knotted baggies of an off-white substance. Investigators met with the CI after the controlled purchase and secured the suspected crack cocaine for evidence testing.

The affidavit does not mention any other track record of information supplied by the CI.

Based on the above information, the officers believed there was probable cause for a search warrant of 4139 California Avenue and presented the application, complaint and affidavit to a St. Louis City Circuit Judge. The search warrant was prepared for the search of defendant's residence for "BA," crack cocaine, other illegal narcotics, U.S. currency, drug transaction records, a Tech 9 or any other firearm, and any other instruments of the crime. The search warrant was signed on June 8, 2013.

According to the parties, the search warrant was executed on June 13, 2013.[3] Officers seized, among other items, a box of ammunition, a digital scale, suspected controlled substances and a Smith & Wesson revolver.

## Discussion

Defendant sets out three grounds for suppression of the items seized pursuant to the search warrant in this matter. (Doc. #33). The Court will consider each of these grounds in turn.

---

[3] Exhibit 1 attached to the government's Response (the search warrant package), does not appear to include a direct reference to the execution date for the search warrant in this case. However, the parties agree in their pleadings that the execution date is June 13, 2013 and the court, therefore, makes this finding based on the available information.

**Probable Cause**

Defendant asserts that the police should not have relied upon a confidential informant that he characterizes as having "dubious" credibility, because investigators did not find all the contraband alleged to be in the residence. Based upon the factual findings above, however, the undersigned concludes that sufficient probable cause existed to issue a warrant to search 4139 California Avenue. The CI's information was corroborated by surveillance conducted as part of the controlled buy of suspected narcotics two days prior to seeking and obtaining the search warrant. The police also independently verified information about the residence and its residents.

The Fourth Amendment requires that a search warrant be supported by probable cause. United States v. Montes-Medina, 570 F.3d 1052, 1059 (8th Cir. 2009). The United States Supreme Court has defined probable cause to search as "a fair probability that the contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). To be valid, search warrants must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities, or fruits of a crime or contraband may be found in the place to be searched. Johnson v. United States, 333 U.S. 10 (1948); Warden v. Hayden, 387 U.S. 294 (1967). See also, Fed. R. Crim. P. 41. Stated another way:

> If an affidavit in support of a Search Warrant "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place,' "probable cause to issue the warrant has been established."

United States v. Grant, 490 F.3d 627, 631 (8th Cir. 2007) (quoting United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006)).

The Supreme Court has determined what quantum of evidence is needed to meet this probable cause standard:

> In dealing with probable cause, … however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

Brinegar v. United States, 338 U.S. 160, 175 (1979).

Probable cause is a "fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." See Illinois v. Gates, 462 U.S. at 232. Further, probable cause in an affidavit "must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Id. Probable cause may be based on the totality of the circumstances present and, as a result, affidavits should not be read in a grudging, hyper-technical fashion. See United States v. Ventresca, 380 U.S. 102, 109 (1965). Probable cause may be established in a variety of ways, including reliance on hearsay statements from reliable persons; hearsay statements from confidential informants corroborated by independent investigation; or on the observations of trained law enforcement officers. See Gates, 462 U.S. at 245; Draper v. United States, 358 U.S. 307, 313 (1959); and McDonald v. United States, 335 U.S. 451, 454 (1948). Information from a proven reliable informant is by itself sufficient to support a finding of probable cause to search. United States v. Wright, 145 F.3d 972, 974-75 (8th Cir. 1998). When a confidential informant is used in support of a search warrant, the issuing judge considers both the informant's reliability and knowledge base. United States v. Butler, 594 F.3d 955, 962 (8th Cir. 2010)(citations omitted). "Where a previously unknown informant provides information, the informant's lack of track record requires some independent verification to establish the reliability of the information." United States v. Taylor, 106 F.3d 801, 803 (8th Cir. 1997).

While a variety of methods are commonly used to establish probable cause, the ones listed here are by no means all-inclusive. Information contained in applications and affidavits for search warrants must be examined in the totality of the circumstances presented. Gates, 462 U.S. at 233. Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant. United States v. Wallace, 550 F.3d 729, 732 (8th Cir. 2008). When confidential sources are involved, "[t]he totality of the circumstances analysis applicable to probable cause determinations, …, does not mandate" both source corroboration and a reliable track record at the same time. Butler, 594 F.3d at 962 (emphasis added). Once a judicial officer has issued a warrant upon a finding of probable cause, that finding deserves great deference and the role of the reviewing court is "simply to ensure [the issuing judge] had a substantial basis" for the finding. Illinois v. Gates, 462 U.S. at 236.

The officers here did not merely accept and rely upon the information provided to them by the CI in the affidavit. They took steps to and did corroborate the information provided by the CI. The investigators set out the basis for believing that the information was reliable, including arranging an audio recording of a meeting between the CI and defendant. Investigators had a physical description and confirmed the identity of the party responsible for utilities at 4139 California Avenue, and compared those facts against information that further connected that woman to "BA." "Even the corroboration of minor, innocent details can suffice to establish probable cause." United States v. Buchanan, 574 F.3d 554, 562 (8th Cir. 2009). Investigators also observed the meeting between the CI and "BA" and it culminated in the controlled buy of a distributable quantity of suspected crack cocaine. Therefore, the assertion made by defendant that the search warrant lacked probable cause is without merit and should be denied.

9

**Staleness**

According to defendant, even if the search warrant affidavit had adequate probable cause, any information gleaned by the informant was stale by the time it was presented in state court. The Eighth Circuit has said that "a search warrant must be executed 'promptly.'" United States v. Tenerelli, 614 F.3d 764, 770 (8th Cir. 2010)(citation omitted). Stale information in an affidavit could negate a finding of probable cause to support a search. "A delay in executing a search warrant may make probable cause fatally stale." United States v. Rugh, 968 F.2d 750, 754 (8th Cir. 1992). However, "[t]he timeliness of the information supplied in an affidavit depends of the circumstances of the case, including the nature of the crime under investigation." United States v. Smith, 266 F.3d 902, 904-05 (8th Cir. 2001) (citing United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993)). "'[T]here is no bright-line test for determining when information is stale . . . and the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit.'" United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001) (quoting Koelling, 992 F.2d at 822). Moreover, "[i]n investigations of ongoing narcotic operations, 'intervals of weeks or months between the last described act and the application for a warrant [does] not necessarily make the information stale.'" Smith, 266 F.3d at 905 (quoting United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998)) (noting three-month old information in affidavit was not stale). See also Tyler, 238 F.3d at 1039 (ruling information on a drug sale "'within the past 7 months'" was not stale). "[W]here continuing criminal activity is suspected, the passage of time is less significant." United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998). "Standing alone, the fact that the controlled buy was made two weeks before the warrant issued does not render the information in the application stale." United States v. Jeanetta, 533 F.3d 651, 655 (8th Cir.

2008)(rejecting similar staleness argument where police obtained a residential search warrant for narcotics and related contraband based in part on confidential source information). Similarly, confidential source information regarding the possession of illegal firearms "is not stale, even several months later, because individuals who possess firearms tend to keep them for long periods of time." United States v. Neal, 528 F.3d 1069, 1074 (8th Cir. 2008).

In this case, the information in the affidavit shows that the confidential informant made a controlled buy two days before police obtained the search warrant. The CI also observed a firearm inside the residence within a week before the June 5, 2013 initial report to police regarding "BA." The temporal proximity is sufficiently close even though the style of firearm seized was different. Furthermore, Officer Capps stated that she knew from her experience that individuals who possess weapons commonly have more than one. Thus, there was a reasonable probability that there were narcotics and a firearm in defendant's residence when the warrant was issued. The case cited by defendant does not require a different outcome. In United States v. Palega, 556 F.3d 709 (8th Cir. 2009), the Eighth Circuit rejected a search-warrant staleness argument in a drug-distribution case based on source information as old as two years and as fresh as five days. Id. at 714-15. Here, the delay in serving the search warrant did not ruin the probable cause. The 4139 California Avenue warrant was served well within the ten-day period required by the State circuit court judge, and seven days after the June 6, 2013 controlled buy. The information in the affidavit supporting the search warrant was timely under the circumstances of this case and this claim should be denied.

**Particularity**

A search warrant must describe with particularity the place to be searched and the things to be seized. U.S. Const. Amend. IV; Rule 41, Federal Rules of Criminal Procedure. In the

11

present case, not only was the residence to be searched described with particularity, but the affiant also attached a photograph of the property. The items to be seized were listed on the search warrant, including a "Tech 9… or any other firearm…." Police officers executing a search warrant may search for and seize items described in a search warrant. They may also seize other items of evidence, contraband or instrumentalities of a crime if discovered during the reasonable course of the search. Warden v. Hayden, 387 U. S. 294, 298-301 (1967). Officers did not exceed the scope of the search warrant. There is no requirement that such items must be found in a precise location as defendant suggests in his Motion. The CI told officers that he/she had been inside the house over the prior 30 days and saw "BA" in possession of and selling crack cocaine. Further, the police observed the CI conduct the controlled buy while on the porch after knocking on the front door of 4139 California Avenue that "BA" exited. The items seized were consistent with the limitations of the search warrant and it was sufficiently particular. United States v. Timley, 443 F.3d 615, 622 (8th Cir. 2006). Defendant's challenge to the particularity requirement of the search warrant should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (Doc. 40) is **granted in part and denied in part as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Favorable, Exculpatory, and Impeaching Information (Doc. 41) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Government's Motion For A Pretrial Determination Of The Admissibility Of Defendant's Statements Pursuant to Title 18, United States Code, Section 3501 (Doc. 11) is **denied as moot**.

**IT IS FURTHER ORDERED** that this cause is set for trial before United States District Judge Audrey G. Fleissig, on **Monday, June 16, 2014, at 9:00 a.m.**

Finally,

**IT IS HEREBY RECOMMENDED** that Defendant Hunt's Motion to Suppress Evidence (Doc. # 33) be **denied**.

Further, as to the motion to suppress, the parties are advised that they have fourteen (14) days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in the waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/Noelle C. Collins
United States Magistrate Judge

Dated this 30th day of April, 2014.